IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH FRANCIS REEDER, JR.,      )
                                  )
        Plaintiff,                )
                                  )
    v.                            )   Civ. No. 03-988-SLR
                                  )
JOHN DOES 1-5; DELAWARE           )
DEPARTMENT OF CORRECTION; and     )
WARDEN THOMAS CARROLL,            )
                                  )
        Defendants.               )

---

Kenneth Francis Reeder, Delaware Correctional Center, Smyrna, Delaware. Pro se Plaintiff.

Aaron R. Goldstein, Esquire, Deputy Attorney General, Wilmington, Delaware. Counsel for Defendants.

---

MEMORANDUM OPINION

Dated: August Ɑ , 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On October 28, 2003, plaintiff Kenneth Francis Reeder, Jr. filed this action against defendants Delaware Department of Correction ("DOC"), Thomas Carroll and John Does 1-5 alleging retaliation, in violation of 42 U.S.C. § 1983, for a previous suit against the DOC and three of its employees.[1] Plaintiff is pro se and proceeding in forma pauperis. The court has jurisdiction over this suit pursuant to 28 U.S.C. § 1331. Currently pending before the court are defendants' motions for summary judgment.[2] (D.I. 26, 28) For the reasons discussed below, defendant DOC's motion is granted and defendant Carroll's motion is denied.

## II. BACKGROUND

On August 8, 2002, a jury found that Correctional Officer Emory Howell and Sergeant Rodney Reynolds applied force to plaintiff with the purpose of causing him harm. (Reeder I, D.I. 128) Plaintiff alleges that within a few weeks of this verdict,

---

[1] Plaintiff filed his first action pursuant to 42 U.S.C. § 1983 against the DOC, Sgt. Rodney Reynolds, Correctional Officer Emory L. Howell, and Lt. D. E. West. Reeder v. Dept. of Correction, Civ. No. 99-328-SLR (D. Del. 2004) ("Reeder I"). Plaintiff claimed that these defendants violated his Eighth and Fourteenth Amendment rights against cruel and unusual punishment, and were liable for assault and battery stemming from an unwarranted beating that occurred on March 16, 1999. (Id.) A jury found for plaintiff.

[2] Defendants' motions were filed as motions to dismiss, but because each refers to matters outside the pleadings, the motions are being treated as motions for summary judgment. (D.I. 30)

he was transferred to increased security confinement in retaliation. (D.I. 1) Furthermore, plaintiff alleges that he was denied soap, shampoo, clean clothes, shoes and towels, and the time he could spend outside of his cell was severely restricted. (Id.) According to plaintiff, the retaliation did not stop there; he was falsely accused of participating in an escape plot. (Id.) The accusation resulted in a drug test. (Id.) Eventually plaintiff received a Notice of Disciplinary Hearing because he tested positive for marijuana and had drugs in his cell.[3] Plaintiff asserts that the prisoner identification number on this notice was not his. (Id.)

Plaintiff further alleges that the retaliation was ongoing through February 15, 2003. (Id.) At this time plaintiff contends that he was charged with assaulting a guard, failure to obey and being disorderly.[4] (Id.) These charges resulted in his placement in isolation. (Id.) In isolation plaintiff asserts that he was only given one dirty mat, one sheet, a prison jumpsuit, boxer shorts, a tee shirt and one pair of socks, all of which he had to wear unlaundered for two weeks. (Id.) In isolation, according to plaintiff, his cell was freezing, he was

---

[3]Plaintiff argues that when he was drug tested, he was not allowed to seal his urine container. (D.I. 1) Plaintiff denies being in possession of or using illegal substances while in prison. (Id.)

[4]Plaintiff asserts that in a hearing, the DOC concluded that the assault charge was without merit. (Id.)

only allotted fifteen squares of toilet paper and only allowed to brush his teeth four times in fifteen days. (Id.)

III. **STANDARD OF REVIEW**

Because the parties have referred to matters outside the pleadings, defendants' motion to dismiss shall be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6). A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and

all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

**IV.  DISCUSSION**

    **A.  Defendant DOC's Motion For Summary Judgment**

Defendant DOC alleges that plaintiff cannot assert a § 1983 action against it because it is not a "person" within the meaning of § 1983. 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

"[T]he Supreme Court has held that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Ospina v. Dep't of Correction, 749 F. Supp. 572, 577

(D. Del. 1991) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). The DOC, as a state agency,[5] is not a "person" under § 1983. Consequently, "[a]bsent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the [DOC] as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). Furthermore, the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina, 749 F. Supp. at 579. Therefore, defendant DOC's motion for summary judgment is granted.

**B.   Defendant Carroll's Motion For Summary Judgment**

Likewise, defendant Carroll contends that plaintiff's claims against him must be dismissed because they are asserted against him in his official capacity. As the warden at Delaware Correctional Center, defendant Carroll is a state official acting under color of state law. A suit against him in his official capacity is treated as a suit against the State. See Hafer v. Melo, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State."). As stated above, defendant Carroll, in his official capacity, is not a "person" under § 1983 and cannot be liable as such. Therefore, defendant Carroll's motion for

---

[5]It is not disputed that DOC is an agency of the State of Delaware. See Del. Code Ann. tit. 11 § 6501 (2005).

5

summary judgment is granted as to any claims asserted against him in his official capacity.

Defendant Carroll, however, could be individually liable under § 1983. Defendant Carroll asserts that any claims against him individually should be dismissed because plaintiff has not alleged that he was involved in the alleged retaliatory actions. The Third Circuit has recognized that "government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right." Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). A prisoner alleging violation of his Constitutional rights due to retaliation against him must show: (1) "the conduct which led to the alleged retaliation was constitutionally protected"; (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) a causal link between the exercise of the constitutional right and the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (citations omitted).

> [O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.

Rauser, 241 F.3d at 333.

6

In this case, plaintiff's constitutionally protected activity consisting of filing a civil lawsuit against certain DOC employees, and subsequently receiving a verdict in his favor. See Allah, 229 F.3d at 224 ("It is well settled that prisoners have a constitutional right to access to the courts . . . "). It is further undisputed that plaintiff has suffered an adverse action at the hands of prison officials. He was transferred to a maximum security housing unit, officially accused of using marijuana and accused of attempting to escape.[6] Plaintiff contends that defendant Carroll participated in these actions because he oversees all of the security classifications.[7] Plaintiff asserts that defendant Carroll knew that the allegations of drug use were erroneous, but that he approved the transfer in retaliation for plaintiff's previous lawsuit. Furthermore, defendant Carroll had notice that the drug test was not plaintiff's because the prisoner identification number on the test results was not his. Plaintiff also argues that defendant Carroll participated in falsely accusing him of trying to escape.

Plaintiff has pointed to evidence, or lack thereof, from which a reasonable jury could conclude that his initial lawsuit

---

[6]Plaintiff also argues that he was fired from the commissary in retaliation. Plaintiff does not allege that defendant Carroll was responsible for or caused this termination; therefore, the court does not consider this allegation with respect to the claims against defendant Carroll.

[7]At this stage in the litigation, defendant Carroll has not produced any evidence contradicting plaintiff's assertions.

7

was the motivating factor behind this adverse conduct. There is a suggestive temporal proximity between the verdict in <u>Reeder I</u> and the alleged retaliation. There is no evidence of record justifying the alleged retaliatory actions. There is no evidence that plaintiff was involved in an escape plot or that the positive drug test belonged to plaintiff. No criminal charges have been filed against plaintiff for either occurrence, but plaintiff notes that other inmates have been criminally charged for similar offenses.

V.  **CONCLUSION**

For the reasons stated, defendant DOC's motion for summary judgment is granted. (D.I. 26) Defendant Carroll's motion for summary judgment is denied. (D.I. 28) An order consistent with this memorandum opinion shall issue.