IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH FRANCIS REEDER, JR., )
)
    Plaintiff, )
)
    v. ) Civil Action No. 03-988-SLR
)
JOHN DOE 5, WARDEN THOMAS )
CARROLL, MAJOR DAVE HOLMAN, )
CAPTAIN MIKE MCCREANOR, )
CPL. LISE M. MERSON, and )
LT. WALLACH, )
)
    Defendants. )

## MEMORANDUM ORDER

At Wilmington this 16th day of September, 2008, having reviewed plaintiff's

motion for relief from judgment pursuant to Federal Rule Civ. P. 60(b)(6),

IT IS ORDERED that the motion (D.I. 143) is **denied** for the reasons that follow:

1. **Background**. Plaintiff, who appears pro se and was granted leave to

proceed in forma pauperis, filed this civil rights case pursuant to 42 U.S.C. § 1983. He

alleged he was unconstitutionally retaliated against after he prevailed in a § 1983

excessive force lawsuit against two correction officers. On August 30, 2007, the court

entered a memorandum opinion and order granting summary judgment in favor of

defendants Warden Thomas Carroll, Major Dave Holman, Captain Mike McCreanor,

and Cpl. Lise Merson. (D.I. 135, 136) Plaintiff voluntarily dismissed the remaining

defendant and judgment was entered on November 15, 2007. (D.I. 141, 142)

2. **Standard of Review**. Rule 60(b) provides that a party may file a motion for

relief from a final judgment for the following reasons: (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

3. **Discussion.** Plaintiff relies upon Rule 60(b)(6) - "any other reason justifying relief from the operation of the judgment. " The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.") Finally, Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 Fed. Appx. 935

2

n.1 (3d Cir. Aug. 16, 2005).

4. In his motion, plaintiff argues that the court overlooked obvious flaws in the defendants' evidence in granting summary judgment. Plaintiff also makes extensive argument on the issues of respondeat superior and qualified immunity, theories not raised or addressed in the court's memorandum opinion. Finally, plaintiff argues that the state defendants were not shielded by Eleventh Amendment immunity. The court has thoroughly reviewed its memorandum opinion and order and finds that plaintiff has not presented extraordinary circumstances to warrant granting his motion. *Choi v. Kim*, 258 Fed. Appx. 413, 416 (3d Cir. 2007).

5. **Reconsideration**. It may be that plaintiff seeks reconsideration of the court's August 30, 2007 memorandum opinion and order. The standard for obtaining relief under Rule 59(e) is also difficult for plaintiff to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999).

6. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or

3

reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).  Reargument is only appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.  After considering plaintiff's arguments, the court finds that he has not demonstrated any of the grounds necessary to warrant reconsideration.

UNITED STATES DISTRICT JUDGE

4